UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JERRY LEE LAWSON,**

      **Plaintiff,**              **CIVIL ACTION NO. 13-11082**

  vs.

                                    **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**COMMISSIONER OF**              **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Plaintiff's motion for summary judgment (docket no. 10) be **DENIED**, Defendant's motion for summary judgment (docket no. 12) be **GRANTED**, and Plaintiff's complaint be dismissed.

**II.    PROCEDURAL HISTORY:**

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on June 9, 2010, alleging disability beginning May 11, 2009 due to coronary artery disease. (TR 145-56, 166, 170). His applications were denied by the Social Security Administration on November 24, 2010. Subsequently, Plaintiff filed a written request for a *de novo* hearing. On October 6, 2011 Plaintiff appeared with counsel in Flint, Michigan and testified at a hearing held before Administrative Law Judge (ALJ) Regina Sobrino. (TR 28-55). Vocational Expert (VE) Stephanie Lorey also appeared and testified at the hearing. In a February 15, 2012 decision the ALJ found that Plaintiff was not entitled to disability benefits because he remained capable of performing jobs that exist in significant numbers in the national economy. (TR

1

16-23). The Appeals Council declined to review the ALJ's decision and Plaintiff filed a complaint for judicial review. The parties filed cross motions for summary judgment which are currently before the Court.

## III.   PLAINTIFF'S TESTIMONY AND THE MEDICAL EVIDENCE

### A.   Plaintiff's Testimony

Plaintiff was thirty-three years old on his alleged disability onset date. He completed the ninth grade and did not obtain a GED. (TR 34-35). He lives with his wife. (TR 34). He testified that he had a myocardial infarction and five stents placed on or around May 9 and May 11, 2009. (TR 46-47). Plaintiff testified that he experiences shortness of breath and lightheadedness after a five minute walk or when taking the stairs. (TR 35, 39). He estimated that he can stand approximately fifteen minutes before he needs to sit down. (TR 35). He stated that he does not use a cane, he has no difficulty sitting, no trouble using his hands for fine manipulation, and he can bend at the waist. (TR 36, 38-39). While he is able to lift objects he avoids doing so. He has difficulty bending his knees and crouching although he has no diagnosed knee problems. (TR 36, 39).

Plaintiff testified that he was incarcerated between July 2009 and December 2009. (TR 36-37). Prior to his incarceration he received cardiac rehabilitation services, which stopped during the period of his incarceration. Five months after his release, in May 2010, he presented to the hospital emergency room and underwent a cardiac catherization. At the time of the hearing he was taking nitroglycerin, niacin, omega-3, aspirin, and herbs to treat his condition. (TR 41). He testified that he lays down in order to relieve his chest pains and he "feels the need" to take a nap every day, although he did not state that he actually takes a daily nap. (TR 44).

Plaintiff testified that he cleans his yard, weeds, and does some grocery shopping. He relies

on public transportation and reported that he lost his driver's license sixteen to seventeen years ago due to drinking and driving and driving with a suspended license. (TR 40).

**B.     Medical Evidence**

The undersigned has thoroughly reviewed Plaintiff's medical record. In lieu of summarizing Plaintiff's medical history, the undersigned will make references and citations to the record as necessary in response to the parties' arguments.

**IV.    VOCATIONAL EXPERT TESTIMONY**

Plaintiff's past work as a field crew worker and general laborer were unskilled, very heavy exertional work. (TR 49). The ALJ asked the VE to testify whether jobs were available for an individual of Plaintiff's age, education, and past relevant work experience who is limited to sedentary work with no climbing of ladders or stairs, no kneeling, crouching, or crawling, only occasional stooping, and no exposure to fumes, dust, gases, temperature extremes, or humidity. (TR 50). The VE testified that the individual could not perform Plaintiff's past work, but could perform unskilled sedentary work as a bench hand, final assembler, and inspector, comprising 19,100 jobs in the State.

The ALJ next asked the VE to testify whether jobs were available for an individual with the above limitations who also required work that was simple, routine, repetitive, only involved one and two step tasks, was low stress, not fast paced, and did not involve quotas or assembly line work. The VE testified that an individual with these limitations could perform work as an inspector, sorter, and hand packer, comprising 10,300 jobs in the State. The VE testified that the individual could not be absent from work more than one day per month, not to exceed six days per twelve month calendar year. She further testified that work would be precluded if the individual required regular

3

unscheduled rest breaks throughout the work day.

## V. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2010. She also found that although Plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 11, 2009, and suffers from the severe impairments of coronary artery disease, cardiomyopathy, and hypertension, he did not have an impairment or combination of impairments that meets or equals one of the listed impairments. (TR 16-18).

The ALJ concluded that Plaintiff retains the residual functional capacity (RFC) to perform sedentary work with the following limitations: (a) no climbing of ladders or stairs, (b) occasional stooping, (c) no kneeling, crouching, or crawling, (d) no exposure to hazards, (e) no concentrated exposure to fumes, dusts, or gases, and (f) requires low stress work, meaning no fast-paced work, no work involving quotas, and no assembly line work. (TR 19-22). The ALJ concluded that Plaintiff is not capable of performing his past relevant work, but is able to perform jobs that exist in significant numbers in the national economy. Consequently, the ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act.

## VI. LAW AND ANALYSIS

### A. Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir.

1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## B.     Framework for Social Security Disability Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to

perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff argues that the ALJ's reasons for discrediting his testimony are not supported by substantial evidence. He also argues that the ALJ should have followed VE testimony showing that work would be precluded if Plaintiff required regular unscheduled breaks throughout the work day.

It is well known that "[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Sec'y of Health & Human Servs,* 987 F.2d 1230, 1234 (6th Cir. 1993)

6

(citation omitted). A finding that a claimant is not credible must be supported by substantial evidence in the same manner as any other ultimate factual determination.

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.
>
> . . . The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision.

S.S.R. 96-7p, 1996 WL 362209, at *34485-86. The assessment must be based on a consideration of all of the evidence in the case record, including

> Statements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history, treatment and response, prior work record and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work.

*Id.* at *34486.

The Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). In addition to the available objective medical evidence, the ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other

symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Defendant asserts that Plaintiff has failed to brief any claim with sufficient specificity to avoid waiver. (Docket no. 12 at 4). Specifically, Defendant argues that Plaintiff has recited the law, recounted his testimony, and cited treatment records without drawing any connection between the evidence or explaining why it was erroneous for the ALJ to decline to accept his testimony in full. The Court agrees with Defendant. As Defendant argues, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (citation omitted). "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

Plaintiff's brief consists of a lengthy discussion of the Sixth Circuit's decisions in *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994), *Duncan v. Sec'y of Health & Human Servs*, 801 F.2d 847 (6th Cir. 1986), and *Varley v. Sec'y of Health & Human Servs*, 820 F.2d 777 (6th Cir. 1987), which set forth the standard for credibility determinations in the Sixth Circuit. Plaintiff recounts his testimony that his heart condition prevents full time work, and cites language from his Adult Function Report to show that he tries to carry out his daily activities but he is in constant need of breaks and nitroglycerin for chest pain. He then discusses medical evidence showing that he underwent surgery for coronary artery disease with five stent placements and had in-stent stenosis one year post-operatively. Peppered throughout his brief he made the following factual arguments:

8

> The ALJ determined that Mr. Lawson is unable to perform any of his past relevant work. (TR 22). The burden of proof then shifted to the Commissioner to prove that Mr. Lawson was capable, considering his age, education, and past work experience of engaging in other work. 20 C.F.R. §§ 404.1520(b)-(f).... (Docket no. 10 at 9).
>
> \*\*\*
>
> Because each element of the hypothetical does not accurately describe Mr. Lawson in all significant, relevant respects, the VE's testimony at the hearing should not constitute substantial evidence. The ALJ did not properly evaluate Mr. Lawson's impairments in the hypothetical question. The ALJ failed to evaluate Mr. Lawson's credibility. (Docket no. 10 at 11).
>
> \*\*\*
>
> Unfortunately, medical treatment is not a luxury that Mr. Lawson indulges in but the objective medical evidence that has been provided up to this point supports Mr. Lawson's complaints of fatigue and need to take frequent rest breaks with any activity.... (Docket no. 10 at 13).

Plaintiff does not explain why the ALJ's credibility assessment was wrong or why she erred in failing to adopt the more limiting hypothetical question. Instead, he simply states that the ALJ failed to properly evaluate his credibility and formed an inaccurate hypothetical that did not accurately portray his impairments. The implication is that the ALJ was bound by his statements of disability and bound by the VE's testimony with respect to the more limiting hypothetical question.

Plaintiff's argument leaves the Court to wonder precisely why he believes the ALJ erred in assessing his credibility and erred in formulating the hypothetical question. *See Burger v. Comm'r*, Case No. 12-11763, 2013 WL 2285375 (E.D. Mich. May 23, 2013). The Court suggests that Plaintiff has failed to brief his claims with sufficient specificity and therefore has waived his arguments with respect to credibility and the hypothetical question.

Even if Plaintiff has not waived his arguments, the Court recommends that his motion be denied. The ALJ reviewed Plaintiff's testimony and other evidence of record and concluded that

9

Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms were not fully credible because they were not fully supported by the evidence of record. However, the ALJ did not fully discredit Plaintiff's testimony. In fact, the ALJ limited Plaintiff to sedentary work based in large part upon his testimony, even though evidence suggested that he was capable of performing a full range of medium work.

The ALJ considered Plaintiff's testimony, discussing his statements that he was instructed not to lift too much weight, and his testimony that he gets short of breath by walking more than five minutes, standing for more than fifteen minutes, or climbing. The ALJ also discussed the medical opinion evidence of record and summarized Plaintiff's history of coronary artery disease and stent placements. She recognized that Plaintiff had critical stenosis needing angioplasty, five stent placements, and post-operative in-stent re-stenosis. She discussed a pre-operative echocardiogram that showed moderately decreased left ventricular function with mild left ventricular hypertrophy. She also noted that Plaintiff was considered to have a moderately severe post-operative cardiac condition which required "standard-of-care" medications. She noted that he may require a defibrillator/pacemaker if his condition failed to improve with medication. She also discussed a November 2011 physical examination in which Plaintiff's condition was described as mild, and where it was determined that Plaintiff could lift up to fifty pounds, sit for six hours, stand and walk for four hours, and occasionally climb, balance, stoop, crouch, and crawl. As required under the Regulations, the ALJ did not simply rely upon objective medical evidence, but also addressed Plaintiff's statements of his activities of daily living, his medication use, and statements pertaining to the functional limitations caused by his condition.

Despite the evidence that Plaintiff was capable of performing medium work, the ALJ relied

upon Plaintiff's statements pertaining to his shortness of breath and weight restrictions and concluded that he was limited to performing a range of sedentary work. The ALJ then posed a hypothetical question to the VE that encompassed Plaintiff's credible limitations. Plaintiff does not attribute any error to the ALJ's treatment of the medical opinion evidence. He only concludes that the ALJ should have reached a different conclusion after considering the evidence. Contrary to Plaintiff's assertion, the ALJ's credibility finding is based on substantial evidence and should not be disturbed. Furthermore, the ALJ was not bound by VE testimony that work would be precluded if Plaintiff required unscheduled breaks or rest periods throughout the work day because the ALJ's evaluation of the evidence did not support this level of disability.

The undersigned recommends that Plaintiff's motion for summary judgment (docket no. 10) be **DENIED**, Defendant's motion for summary judgment (docket no. 12) be **GRANTED**, and Plaintiff's complaint be dismissed.

**<u>REVIEW OF REPORT AND RECOMMENDATION</u>**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 9, 2014            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 9, 2014            s/ Lisa C. Bartlett
                                  Case Manager