UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEE LAWSON,

    Plaintiff,                                      Civil Action No. 13-CV-11082

vs.                                                HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is presently before the Court on cross motions for summary judgment [docket entries 10 and 12]. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that defendant's motion be granted and plaintiff's motion be denied. Plaintiff has filed timely objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court considers de novo those portions of a magistrate judge's R&R to which a timely, specific objection is made.

Plaintiff claims to be disabled due to coronary artery disease. The Administrative Law Judge ("ALJ") found that plaintiff has severe medical impairments (coronary artery disease, cardiomyopathy and hypertension) but that he is not disabled under the Social Security Act because he is capable of performing a limited range of sedentary work. The magistrate judge concludes that the ALJ's decision should be upheld because it is supported by substantial evidence. In his objection to the R&R, plaintiff argues that the ALJ's decision is not supported by substantial evidence, and that case should be remanded for further proceedings, because the ALJ erred in assessing plaintiff's credibility.

The Court has reviewed the parties' motions, the R&R, and the administrative record, including the ALJ's decision. Plaintiff correctly notes that an ALJ's credibility determination, like all administrative findings, must be supported by substantial evidence. *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 506 (6th Cir. 2013). In the present case, the Court finds no error in the ALJ's assessment of plaintiff's credibility. While plaintiff claims his heart condition is disabling, the record contains no physician's opinion to this effect. The only physician's opinion regarding plaintiff's ability to work was expressed by Dr. Lazzara, who indicated that "[c]linically, his degree of impairment appears mild" (Tr. 346) and that plaintiff can sit, stand and walk for six hours, four hours and four hours, respectively, during an eight-hour work day, and that he can lift and carry up to 50 pounds occasionally (Tr. 336-37). Plaintiff himself testified that while his ability to walk and stand are limited, he has no trouble sitting or using his hands (Tr. 8-9, 38). And while plaintiff also testified that he "usually feels the need to take a nap every day. . . . It depends on what I do" (Tr. 44), there is no medical evidence corroborating his need to do so. Nor did plaintiff testify that he actually naps every day, or that he would have to do so if he remained sedentary. Under these circumstances, the ALJ committed no error in finding that plaintiff is capable of performing a limited range of sedentary work. The ALJ was not required to include in his hypothetical questions to the vocational expert a need to lie down and/or to take naps during the work day. Plaintiff's objection to the contrary is rejected. Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2014
            Detroit, Michigan